This action for absolute divorce presents some unusual features. It is brought by the husband for adultery against the wife, following the marriage which came about after criminal action by the wife against her husband. The wife first sued for breach of promise for twenty-five thousand dollars ($25,000), in the second place had had him indicted for fornication, and, lastly, seduction. They were married by the judge before whom the petitioner was convicted of the last offense. After the marriage there was no consummation, although the husband contributed to the support of his wife and promised to establish a home for her as soon as he was financially able to do so, giving as his reason for not doing so at once that he was impoverished by the various litigations in which she had involved him. This arrangement appeared from the evidence to be entirely satisfactory to her. He counseled her as to her conduct with other men and on various matters connected with their new relationship. The petitioner started his suit for divorce three months after the marriage. The petition charges adultery in the month of May, 1924, at Newark, about two months after her marriage to petitioner.
The facts developed by the evidence take this case out of those decisions in our state which put additional burdens on the husband as to protection and care of his wife, he having knowledge that she is frail. The conduct of the defendant was not that of a timid, modest, unsophisticated woman. Her various actions against the petitioner and the order of their initiation indicate that she was a designing, calculating woman, not disturbed at making known the story of her shame to the world. Her improper conduct with other men so soon after her marriage amply disclosed by the testimony puts her in a most unfavorable light. The evidence *Page 380 
is not confined to one charge of misconduct, but I shall rest this case on the act of adultery in Newark, committed on May 28th, 1924. This appears to have been conclusively shown. It is true that detectives, or investigators as they call themselves, were among the witnesses against the defendant, and that their evidence must be scrutinized very carefully, but doing so, I am impressed with the truthfulness of their story. They have appeared in many other cases of a similar nature before me, and I feel convinced that they desire to adhere to the truth, but there is another witness, of whose veracity and disinterestedness I have no doubt, who swears positively to having seen the defendant in the very act of adultery on the date and at the place above mentioned. The conduct of the defendant and the parties with her on this occasion, and all the circumstances surrounding the occurrence, establish her guilt to my mind beyond peradventure. The automobile was parked on William street, west of Halsey street, and it is urged that this is a most unlikely place to select to commit an act of this character. I am not in accord with this view as many cases have come to my notice — in fact, are heard daily in our courts — where offenses of the kind now under consideration occur frequently in automobiles along well-traveled public highways. It is argued also that it is improbable that defendant would have committed adultery while she and her male companion were sharing the automobile with a couple who were then engaged to be married, but I am satisfied by the manner and behavior of that couple while on the witness-stand that their engagement was feigned.
A careful examination of defendant's testimony reveals her character in its true light — her attitude toward her marriage — the thoughtfulness and attention of the petitioner prior to her varied legal actions against him. I think his conduct after the marriage was justified by the circumstances of the case.
The decree may be entered in behalf of the petitioner. *Page 381